THE CITY OF BUFFALO, Appellant, *v.* CLARA GRAHAM and Another, as Executrices, etc., and Another, Respondents.

PER CURIAM: It is stated in the record that the facts are not in dispute, but the evidence is not contained in the record, and the answer denies the allegations of the complaint respecting the violation of the ordinance.* It cannot, therefore, be held that the dismissal of the complaint was improper, even assuming that the ordinance was effective.    All concurred. Judgment affirmed, with costs.

## FIRST DEPARTMENT, DECEMBER, 1914.

PLINY FISK and Others, Copartners Transacting Business under the Name of HARVEY FISK & SONS, Appellants, *v.* JAMES G. BATTERSON, Respondent.

Appeal by plaintiffs from a judgment of the Supreme Court dismissing the complaint.

PER CURIAM: Although inartificial in form, the instrument sued on imported a unilateral contract on defendant's part to buy of plaintiffs the stock described, and on tender of the stock and demand of the purchase price, before revocation by defendant, plaintiffs' right to recover became perfect.    The answer alleged neither fraud nor mistake nor was the execution of the instrument denied or reformation thereof sought.    The defense was that defendant's dealings prior to the delivery of the instrument were with agents of the Grieve Company, with which company and not with plaintiffs defendant intended to and did in fact contract.    Plaintiffs did not move for judgment on the pleadings nor for the direction of a verdict, and notwithstanding the defense, tendered no issue.    (*Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528.)    The action went to trial and was tried on the theory that it did.    An examination of the evidence serves to confirm the fact that the intention of the parties was exactly such as the law imported from the instrument itself.    The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.    Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.    Judgment reversed, new trial ordered, costs to appellants to abide event.    Order to be settled on notice.

GEORGE O. GLENDENING, Respondent, *v.* WESTERN UNION TELEGRAPH COMPANY, Appellant.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 2d day of October, 1914, denying a motion for an order requiring the plaintiff to separately state and number causes of action and to strike from the complaint certain matters as irrelevant and redundant.

* Ordinances of City of Buffalo, chap. 12, §§ 10, 25.— [REP.

PER CURIAM: Accepting the contention of the plaintiff that he attempted to and did set out but one cause of action in his complaint, paragraphs 8, 9, all but the first six lines of paragraph 19, and paragraph 22 are irrelevant and redundant to said cause of action so claimed to be alleged. The order appealed from should, therefore, be modified by providing that the matter indicated should be stricken from the complaint and as so modified affirmed, without costs to either party. Present — Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ. Order modified as stated in order and as modified affirmed, without costs. Order to be settled on notice.